# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| M.L.Z., | |
| *Plaintiff,* | CIVIL ACTION |
| v. | No. 2:25-cv-05479 |
| KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; ANGELICA ALFONSO-ROYALS, Acting Director of U.S. Citizenship and Immigration Services; and JOSEPH E. KERNAN, Director of U.S. Citizenship and Immigration Services Asylum Vetting Center, | |
| *Defendants.* | |

## RESPONSE TO DEFENDANTS' MOTION TO CLARIFY

### 1. Introduction

Plaintiff M.L.Z. files this response to Defendants' motion for clarification, *see* ECF 33, of the Court's December 2, 2025 Memorandum, *see* ECF 32, pursuant to the Court's Order requesting a response, *see* ECF 35.

On November 19, 2025, the Court held an on-the-record teleconference with counsel to discuss the Stipulation for Dismissal, filed on November 7, 2025. ECF 27 (Stipulation). At this teleconference, the Court informed the Parties that it was exercising its discretion under Local Rule of Civil Procedure 41 to hold the Stipulation for Dismissal under advisement based upon its stated concerns about the Stipulation. *See* ECF 30 (order).

In response to the Government's since-filed Motion to Clarify, Plaintiff believes that the Court need not enter any further orders. First, the Stipulation of Dismissal is self-executing and therefore this action ended on November 7, 2025, divesting the Court of jurisdiction. Second, if the Government believes that it is bound not to detain Plaintiff, the Court lacks jurisdiction to alter that understanding. Third, the Government's only recourse would be to take an appeal, but the Third Circuit would lack jurisdiction over such an appeal. Thus, under the circumstances, the Court should treat the Stipulation as self-executing, as the Government urges, and the Clerk of Court should close the case.

## 2. Relevant Procedural History

On September 23, 2025, Plaintiff filed a lawsuit against the Secretary of the U.S. Department of Homeland Security (DHS) and various components of U.S. Citizenship and Immigration Services (USCIS) seeking to enjoin DHS from unlawfully dismissing his asylum application and placing him into expedited removal proceedings. ECF 1. Plaintiff asked the Court to compel DHS to adjudicate his asylum application as required by law and to prevent DHS from detaining or removing him until his asylum application is properly adjudicated. *Id*. On October 2, 2025 Plaintiff filed a motion for preliminary injunction in support of his claims. ECF. 10. On October 6, 2025, after a teleconference with the Court and Defendants, Plaintiff filed an unopposed motion for a temporary restraining order incorporating his preliminary injunction memorandum. ECF. 15. The Court granted the TRO in part, enjoining the

Government from arresting, detaining, or deporting Plaintiff based on his immigration status. ECF. 16.

The Court subsequently held a hearing on the Preliminary Injunction motion. At the hearing, it extended the TRO with no objection by the Government as it considered the PI motion. With the TRO still in effect, but before the Court decided the motion, the Parties agreed that Defendants would adjudicate Plaintiff's asylum request on the merits, including by transferring his previously-filed affirmative asylum application for consideration in Immigration Court. On November 7, 2025 the Parties filed a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41. ECF 27. Defendants agreed not to detain Plaintiff or subject him to other forms of custody such as an ankle monitor when he reported to ICE to be served with a Notice to Appear. In accordance with the Stipulation, prior to filing it, Plaintiff reported to the Philadelphia Immigration and Customs Enforcement (ICE) Enforcement and Removal Operations (ERO) Field Office on November 6, 2025 where he was served with a Notice to Appear. This Notice to Appear was then filed with the Immigration Court. ICE also ordered Plaintiff to report for ongoing check-ins at the ICE office, starting on February 6, 2026—an atypically short timeline to re-report. ICE ERO, and Defendants through counsel, have not provided assurances that Plaintiff will not be detained at his upcoming ICE check-in, or that he will not be subject to other forms of custody, such as ankle monitoring. Per the stipulation, Plaintiff's asylum application was also forwarded from USCIS to the Immigration Court, where it is now pending.

On November 19, 2025, the Court held an on the record teleconference with the Parties to discuss the stipulation. At this teleconference, the Court informed the Parties that the E.D. Pa. Local Rules gave it the discretion to accept stipulations for dismissal. *See* Local Rule of Civil Procedure 41.1(b). After discussing the Stipulation and the already-entered TRO with the parties, the Court asked the Parties to consider modifying the Stipulation. Specifically, the Court asked the Parties to include language expressly stating that Plaintiff was not subject to expedited removal. The Court also expressed concern that the Stipulation stated that "ICE maintains its discretion in making custodial determinations." ECF. 27 at ¶ 5. The Court asked the Parties to consider modifying the Stipulation to provide that DHS would not arrest and detain Plaintiff absent probable cause or issuance of warrant. The Court, under the Local Rule, ordered that the Stipulation would be held under advisement until December 17, 2025, so the Parties could discuss modifying it. Plaintiff understood this Order as holding the case open until the Court exercised its discretion to accept the Stipulation.

On December 2, 2025, the Court issued a Memorandum. *See* ECF 32. The Parties met on December 4, 2025 to confer. Plaintiff was prepared to offer alternative language to resolve the case, but Defendants stated that their clients wished to first get clarification on the Court's December 2, 2025 Memorandum. *See* ECF 32. Defendants filed a motion for clarification of case status on December 11, 2025. *See* ECF 33. The Court ordered Plaintiff to respond to this motion by January 7, 2026. *See* ECF 35.

### 3. Plaintiff's Position

The Government's request is inconsistent. Either, as the Government has suggested, the Court lacks discretion to reject otherwise self-executing stipulations, or it retains jurisdiction to rule on the purported Motion to Clarify. Both cannot be true. Upon researching the issues raised in the motion, Plaintiff believes the stipulation is self-executing, and therefore there is no ongoing jurisdiction for any proceedings in this matter.

*First*, Plaintiff understands Fed. R. Civ. P. 41 to be self-executing. *See State National Insurance Co. v. Cnty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016) ("[A] dismissal under Rule 41(a)(1)(A)(ii) does not require a court order, nor does it require the approval of the court."); *id.* at 408 ("After the stipulated dismissal, there was nothing left for the District Court to do."); *see also First Nat. Bank of Toms River, N.J. v. Marine City, Inc.*, 411 F.2d 674, 677 (3d Cir. 1969) ("The entry of such a stipulation of dismissal is effective automatically and does not require judicial approval"); *In re Bath and Kitchen Fixture Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008) ("[A] filing under the Rule is a notice, not a motion. Its effect is automatic: the defendant does not file a response, and no order of the district court is needed to end the action."). *State National*, *First National Bank*—and *Lusardi v. Xerox Corp.*, 975 F.2d 964 (3d Cir. 1992), which *State National* cites and relies upon, *see State National*, 824 F.3d at 408 n.28—arose out of the District of New Jersey, so do not directly address E.D. Pa. Local Rule 41.1.(b). But Local Rule 41.1 cannot be inconsistent with the Federal Rules. *E.g. Frazier v. Heebe*, 482 U.S. 641, 646 (1987) (citing 28 U.S.C. § 2071 to say

"that local rules of a district court 'shall be consistent with' the 'rules of practice and procedure prescribed by the Supreme Court'"). Plaintiff does not understand Local Rule 41.1 to override Fed. R. Civ. P.'s provision for self-execution.

Because the stipulation is self-executing, the Government has no basis to ask for clarification, or anything further from the Court. The same precedents that discuss Fed. R. Civ. P. 41's self-executing nature, and others, make that clear. While district courts generally have "inherent power to reconsider prior interlocutory"—i.e. non-appealable—orders, that "power to reconsider prior interlocutory orders depends on the District Court retaining jurisdiction over the case." *State National*, 824 F.3d at 406. A stipulation of dismissal pursuant to Fed. R. Civ. P. 41 divests the court of jurisdiction precisely *because* "it is effective automatically." *Id*. "[A]ny action by the district court after the filing of [the Stipulation of Dismissal] can have no force or effect because the matter has already been dismissed." *Id*. (quoting *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010)). Because the Stipulation was filed on November 7, 2025, the Court had no jurisdiction after that date.

Notably, the Third Circuit has rejected post-stipulation attempts by parties to "determine at this time what substantive rights parties may have acquired as a result of their bargaining," *First National Bank of Toms River*, 411 F.2d at 677, and has held that district courts lack ongoing jurisdiction to hear motions for relief from judgments, *State National*, 824 F.3d at 408. District courts in the Eastern District have underscored this, rejecting Defendant's motions filed post-stipulation of dismissal to vacate prior orders as moot. *E.g., Avellino v. Herron*, 181 F.R.D. 294, 295

(E.D. Pa. 1998) (citing *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25 (1994) for the proposition that "an opinion should not be vacated merely because the parties have rendered the case moot by entering into a settlement agreement"). Under the circumstances, the Court should reject Defendants' request for clarification.

*Second,* if the Government detains Plaintiff in a manner that Plaintiff believes to have been unlawful, *see, e.g. Diop v. Jamison*, No. 2:25-cv-06946 (E.D. Pa. Jan. 6, 2026) (stating that all 50 decisions from judges in this district as of January 6, 2026, have found the government's recent change in detention policy to be unlawful); "Hundreds of judges reject Trump's mandatory detention policy, with no end in sight", Politico, *available at:* https://www.politico.com/news/2026/01/05/trump-administration-immigrants-mandatory-detention-00709494 ("judges have ordered immigrants' release or the opportunity for bond hearings in more than 1,600 cases" nationwide), Plaintiff will file a habeas petition and mark it as a related case.

To whatever extent Defendants' understanding of any aspect of an order or the Stipulation turns on Plaintiff's failure to have named ICE, specifically, as a defendant, that is irrelevant. Defendants assert that Plaintiff "did not name the relevant component of DHS that has statutory authority to arrest, detain, or deport (i.e., Immigration and Customs Enforcement [ICE])." ECF 33 at 3. The Government does not support the remarkable assertion that an order running against the Secretary of DHS could not bind ICE with any legal authority, likely because this assertion is plainly contrary to law. *See* Fed. R. Civ. P. 65(d)(2) ("Persons bound")

(providing that injunctions and temporary restraining orders bind "the parties' officers, agents, servants, employees, and attorneys"). The DHS Secretary, as the head of the agency, has direct authority over all DHS components, including USCIS and ICE.[1] 6 U.S.C. § 112; 8 U.S.C. § 1103. Any suit against the DHS Secretary necessarily allows relief that runs against DHS's components, as does any order binding the DHS Secretary. Defendants' position implies that the DHS Secretary could make an end-run around any judicial order against her by ordering a non-party subordinate to take an order she could not—but of course that is wrong. Here, ICE is bound by any order entered by this Court against the DHS Secretary. And in any event, as a matter of law, USCIS has the authority to arrest, detain, and deport noncitizens. *See* 90 Fed. Reg. 42797 "Codification of Certain U.S. Citizenship and Immigration Services Law Enforcement Authorities" (detailing the background and history of USCIS's authority to arrest, detain, and order noncitizens removed).

*Third,* if the Government believes itself to be wrongfully bound or otherwise aggrieved by any order in this case, its recourse would have been to appeal. However, there is no jurisdiction for the Government to take any appeal here because the time to do so has passed. *State National*, 824 F.3d at 410 ("State National did not file within thirty days of its joint Stipulation of Dismissal—the final judgment," and "the thirty-day time requirement in Federal Rule of Appellate Procedure 4(a) is

---

[1] At the November 19, 2025 teleconference, the Court correctly observed that while ICE is not a named party, it is clearly involved in the case because the DHS Secretary, who is in charge of ICE, is named.

jurisdictional and mandatory").[2] "[N]one of the tolling provisions of Federal Rule of Appellate Procedure 4(a)(4)(A) is applicable" where the Parties have filed a Stipulation of Dismissal. *Id.*

Further, a TRO is not generally appealable. 28 U.S.C. § 1291; *see Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 692 (3d Cir. 1997). Even if it were, the Government acquiesced to the issuance of the TRO in this case. The Government did so initially during the status conference on October 6, 2025, and again when it did not oppose the extension of the TRO at the PI hearing on October 15, 2025. *See generally* Transcript of Oct. 15 hearing. Nor did it file any opposition on the docket prior to the Parties joint Stipulation of Dismissal that divested this Court of jurisdiction and ended the case, *see generally* ECFs 22-27. That failure would waive opposition in the first instance on appeal.

Ultimately, Plaintiff suggests that the Court direct the Clerk to mark this case as closed, without responding to the Government's motion.

/s/ Jim Davy
JIM DAVY, ESQ. (PA ID 321631)
All Rise Trial & Appellate
P.O. Box 15216
Philadelphia, PA 19125
215-792-3579
jimdavy@allriselaw.org

MICHAEL GEOFFINO, ESQ. (PA ID 333816)
LILAH THOMPSON, ESQ. (PA ID 324718)
Nationalities Service Center
1216 Arch Street, 4th Floor

---

[2] Even accounting for the Federal Rules allowing the federal Government 60 days to notice an appeal, *see* Fed. R. App. P. 4(a)(1)(B), those 60 days ran on Jan. 6, 2026.

Philadelphia, PA 19107
215-893-8400
mgeoffino@nscphila.org
lthompson@nscphila.org

*Pro Bono Attorneys for Petitioner*
 Respectfully submitted,

**CERTIFICATE OF SERVICE**

I certify that on January 7, 2025, this Response was filed using the Court's CM/ECF system. All party counsel are e-filers and will receive a copy via ECF.

/s/ Jim Davy

Jim Davy